UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS MARKER,

        Plaintiff,        CIVIL ACTION NO. 05-CV-72672-DT

vs.

                      DISTRICT JUDGE NANCY G. EDMUNDS

EDDIE JENKINS, et. al.,        MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO APPOINT EXPERT MEDICAL WITNESS (DOCKET # 6)

Plaintiff was allowed to proceed *in forma pauperis* and filed the instant complaint on July 7, 2005 pursuant to 42 U.S.C. § 1983.  In the Complaint, Plaintiff alleges that Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment.  The case has been referred to the undersigned for all pretrial proceedings and on August 1, 2005, Plaintiff filed a Motion to Appoint Expert Medical Witness.  In his motion, Plaintiff asserts that "expert medical testimony in the field of ophthalmology would present this court with certain insight regarding current medical advancement with the ophthalmic disorder, iritis, its common symptoms, and risks associated with lack of appropriate treatment."  (Plaintiff's Motion to Appoint Expert Medical Witness, pg. 1).

Federal Rule of Evidence. 706 provides that:

> The court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed, and may request the parties to submit nominations.  The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own selection.

Fed. R. Civ. P. 706.  A court's decision to appoint an expert medical witness is discretionary.  *Friend v. Rees*, 779 F.2d 50 (6th Cir. 1985); *see also Johnson v. Hubbard*, 698 F.2d 286, 289 (6th Cir. 1983)("the right

of access [to the courts] does not extend . . . to provide witness fees for a witness [plaintiff] claimed to be essential to his case."). In this case, Plaintiff's claims are based on deliberate indifference to his medical needs and not medical malpractice. Therefore the use of an expert witness to establish the standard of a reasonable physician's conduct is unnecessary. Indeed, "[t]he issue of calculatedly ignoring the medical needs of a prisoner are not so complicated and difficult that an expert is required to present or prove the case." *Friend*, 779 F.2d at 50. Accordingly, Plaintiff's Motion to Appoint Expert Medical Witness is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: October 25, 2005            s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE



**Proof of Service**

I hereby certify that a copy of this Order was served upon Dennis Marker and Counsel of Record on this date.

Dated: October 25, 2005            s/ Lisa C. Bartlett
                                   Courtroom Deputy